

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# In Re: Monodu Ajao

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1335

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Monodu Ajao " (2007). *2007 Decisions*. Paper 1472.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1472

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1335
_____

IN RE: MONODU AJAO,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil Action No. 06-cv-05484)
_____

Submitted Under Rule 21, Fed. R. App. P.
February 16, 2007
Before: RENDELL, SMITH AND JORDAN, Circuit Judges.

(Filed: March 14, 2007)

_____

OPINION

_____

PER CURIAM

On November 7, 2006, Monodu Ajao mailed a petition for a writ of error coram

nobis to the United States District Court for the District of New Jersey. On January 2,

2007, Ajao mailed a petition for writ of mandamus requesting that this Court order the

District Court to rule on his November 7th petition.

Mandamus is a drastic remedy that is granted only in extraordinary cases. See In

re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). Mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although district courts are generally given discretion to control their own dockets, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication is "tantamount to a failure to exercise jurisdiction," see Madden, 102 F.3d at 79.

Here, there is no basis for granting the petition for writ of mandamus. Although Ajao filed his petition for writ of error coram nobis in early November, by order entered November 28, 2006, the District Court advised Ajao that it would rule on his petition as filed if he did not notify the court within 45 days as to how he would like it characterized pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). As there is no indication that Ajao responded to the November 28th order, the District Court could not have considered Ajao's petition until January 15, 2007—two weeks after he mailed the mandamus petition to this Court. Accordingly, there has been no delay in the adjudication of Ajao's petition for writ of error coram nobis. Moreover, the District

2

Court docket reflects that the matter is progressing in a timely manner.[1] Therefore,

Ajao's petition for writ of mandamus will be denied.

---

[1] On February 1, 2007, the District Court issued on order on Ajao's motion to proceed in forma pauperis (Docket Entry No. 4), and on February 13, 2007, the Assistant United States Attorney entered an appearance on behalf of the United States (Docket Entry No. 5).